# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 15-41333
Summary Calendar

————

United States Court of Appeals
Fif h Circuit

**FILED**

December 20, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL SOSA, also known as Nene,

Defendant-Appellant

————

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CR-844-7

————

Before HIGGINBOTHAM, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

Daniel Sosa, federal prisoner # 25723-380, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's order denying his 18 U.S.C. § 3582(c)(2) motions for reduction of sentence based on Amendment 782 of the Sentencing Guidelines. By moving to proceed IFP, Sosa is challenging the district court's certification that his appeal is not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41333

Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). "[W]here the merits are so intertwined with the certification decision as to constitute the same issue," as in this case, we may deny the IFP motion and dismiss the appeal sua sponte as frivolous. *Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The Supreme Court has prescribed a two-step inquiry for a district court that is considering a § 3582(c)(2) motion. *Dillon v. United States*, 560 U.S. 817, 826 (2010). The district court must first determine whether a prisoner is eligible for a reduction under U.S.S.G. § 1B1.10. *Id.* If the prisoner is eligible, then the district court must "consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion," any reduction is warranted under the particular facts of the case. *Id.* at 827.

Sosa argues that the district court abused its discretion in denying his motion for reduction by improperly considering his prior criminal history and by failing to consider his post-sentencing rehabilitation. However, the district court stated that it exercised its discretion to deny the sentence reduction after carefully considering the sentencing factors of 18 U.S.C. § 3553(a) and the policy statement in U.S.S.G. § 1B1.10, as well as Sosa's arguments in favor of a reduction in denying Sosa's motions for reduction of sentence. The district court also noted that although Sosa's criminal history had been miscalculated, the court addressed the error at sentencing, recalculated Sosa's criminal history, which reduced Sosa's criminal history by one level, and imposed a sentence at the bottom of the recalculated guidelines range.

Because the record shows that the district court gave due consideration to the motion as a whole and considered the appropriate factors, there was no

No. 15-41333

abuse of discretion. *See United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009); *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995). Under the circumstances, Sosa has not shown that he will raise a nonfrivolous issue on appeal. *See Howard*, 707 F.2d at 220.

Sosa's motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.